# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SOUTHERN REALTY MANAGEMENT, INC., and DUNWOODY FOREST ASSOCIATES, LLC, | : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:08-CV-0572-JOF |
| v. | : : | |
| ASPEN SPECIALTY INSURANCE COMPANY, and HOMELAND INSURANCE COMPANY OF NEW YORK, | : : : : : | |
| Defendants. | : | |

## OPINION AND ORDER

The instant matter is before the court on Defendants Aspen Specialty Insurance Company ("Aspen") and Homeland Insurance Company of New York's ("Homeland") Motion for Judgment on the Pleadings as to Count I of Plaintiff's Complaint [32].

## I.  Background

The instant matter is an insurance dispute. Plaintiffs Southern Realty Management, Inc. ("Southern Realty"), and Dunwoody Forest Associates, LLC ("Dunwoody Forest"), own and operate the Cooper Mill Apartments in Gwinnett County, Georgia. Plaintiffs purchased casualty insurance policies from Defendants; Aspen is the primary insurer, and

Homeland is the excess insurer. In September 2006 a fire occurred at the Copper Mill Apartments. As a result of this fire, Plaintiffs suffered losses. Plaintiffs notified Defendants of their losses, and Defendants began investigating. Plaintiffs submitted Sworn Statements in Proof of Loss to Defendants on January 10, 2007. Aspen received the Proof of Loss and on January 22, 2007, requested additional information and documents. Homeland received the Excess Proof of Loss and on March 7, 2007, informed Plaintiffs that as the excess insurer, Homeland would hold the Excess Proof of Loss in abeyance pending Plaintiffs' submission of additional information to Aspen. By letter on March 27, 2007, Plaintiffs provided the Defendants with additional information and documentation. On April 17, 2007, excess insurer Homeland sent Southern Realty a letter purporting to reject the Excess Proof of Loss. Defendants did not make any payments to Plaintiffs. On May 4, 2007, Plaintiffs sent a purported "demand letter" to Defendants. Defendants made no payments to Plaintiffs.

Plaintiffs filed suit in the State Court of Fulton County, Georgia, on January 11, 2008, alleging (1) bad faith refusal to pay losses and (2) breach of contract and demanded attorneys' fees and costs. Defendants removed to this court on February 21, 2008, on the basis of diversity jurisdiction. Defendants answered and the parties completed a Joint Preliminary Report and Discovery Plan. The Parties began discovery. Defendants filed the

instant Motion for Judgment on the Pleadings on July 3, 2008. The Motion has been fully briefed.

Defendants contend that Count I of Plaintiffs' complaint, bad faith refusal to make payment under O.C.G.A. § 33-4-6, should be dismissed because Plaintiffs' May 4, 2007 demand letter failed to comply with the requirements of section 33-4-6. Defendants assert that under Georgia case law, a proper demand letter must alert an insurer that a bad faith claim is being asserted, for example, by mentioning "bad faith" or referencing the bad faith statute. Plaintiffs maintain that their complaint shows that (1) they made demands for payment of losses on three occasions, and (2) that Defendants failed to pay the losses within sixty days of Plaintiffs' demands for payment. Plaintiffs insist that this is all Georgia law requires. Noting that Georgia law requires no specific language to make a demand, Plaintiffs insist that their May 2007 letter gave reasonable notice to Defendants that they would pursue statutory bad faith remedies and thus was a sufficient demand.

## II. Discussion

Defendants move for a judgment on the pleadings with respect to Count I, Bad Faith, of Plaintiffs' complaint. Judgment on the pleadings is appropriate under Fed. R. Civ. P. 12(c) when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. The court must accept the facts in the complaint as true and examine them in the light most favorable to the non-moving party. *Ortega v. Christian*, 85 F.3d

3

1521, 1524 (11th Cir. 1996). There is only one issue before this court, whether Plaintiffs' May 4, 2007 demand letter satisfies the requirements of O.C.G.A. § 33-4-6(a) as it has been interpreted by the Georgia courts. This issue can be decided as a matter of law by comparing Plaintiffs' letter to those described in Georgia case law.

> O.C.G.A. § 33-4-6(a) states:
>
> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

A plaintiff's failure to properly satisfy the demand requirement is an absolute bar to recovery of a bad faith penalty and attorneys' fees under the statute. *See Blue Cross & Blue Shield v. Merrell*, 170 Ga. App. 86 (1984) (barring plaintiff for failing to wait at least 60 days between demand and suit); *Hanover Ins. Co. v. Hallford*, 127 Ga. App. 322 (1972) (accepting demand). The demand requirement is necessary in order to notify the insurer that it is facing a bad faith claim for a specific refusal to pay. *Arrow Exterminators, Inc. v. Zurich American Insurance Co.*, 136 F. Supp. 2d 1340 (N.D. Ga. 2001). Therefore, the demand must be made at a time when immediate payment is due. *Primerica Life Ins. Co. v. Humfleet*, 217 Ga. App. 770, 772 (1995). Section 33-4-6 does not specify a format for a demand, and Georgia courts have held that no particular language is necessary to

4

constitute a demand. *Id.* The language must merely be sufficient to alert the insurer that bad faith is being asserted. *Id.* In determining if a demand is sufficient, the court may look at whether the demand is merely a request to receive payment of the policy's proceeds as quickly as possible; whether the demand letter mentions bad faith or refers to O.C.G.A. § 33-4-6; and whether the demand letter mentions litigation or a law suit. *See id.* (finding phone call two days after event demanding payment as quickly as possible to be insufficient). *See also Arrow Exterminators,* 136 F. Supp. 2d at 1356-57 (finding demand letter insufficient because it did not mention "bad faith," cite the applicable statute, state that the parties were contemplating litigation, or request the insurer to pay a specific loss). Courts have found demands to be sufficient even when they do not mention bad faith or assert O.C.G.A. § 33-4-6. In *Cotton States Mutual Insurance Co. v. Clark*, 114 Ga. App. 439 (1966), the most often-cited case for the proposition that no particular language is necessary to constitute a demand, the court found the following conversation to be a sufficient demand: "The adjuster said, 'Well, we won't pay you anything' to which the plaintiff replied, 'Well, if you won't pay me I'll have to take you in court,' and the adjuster responded, 'I'll see you in court, Mr. Clark." 114 Ga. App. at 447.[1] Under *Clark* and its progeny, the mere specter of a lawsuit at a time when immediate payment is due appears to be enough to constitute a sufficient demand under O.C.G.A. § 33-4-6.

---

[1]*Clark* was decided under Code Ann. § 56-1206, rather than the current O.C.G.A. § 33-4-6; however, *Clark* is still cited and § 56-1206 is equivalent to the existing statute.

5

Here, Plaintiffs' counsel sent a letter to Defendants in May of 2007 which demanded payment of the amounts included in the Proofs of Loss more than four months earlier and stated, "This letter is a formal demand for payment under the referenced policies and applicable law, and should be considered a demand for payment under the provisions of the Georgia Code pertaining to a refusal by an insurer to pay an insured's loss after demand." (Motion to Dismiss, at Ex. 1). The court can find no statute in the Georgia code other than O.C.G.A. § 33-4-6 which pertains "to a refusal by an insurer to pay an insured's loss after demand." As such, the court will construe Plaintiffs' counsel's letter as invoking O.C.G.A. § 33-4-6. Such an invocation is sufficient to notify the insurer that it is facing a bad faith claim for a specific refusal to pay. The present difficulty might have been avoided had counsel simply invoked the statute or used the words "bad faith." However, the court cannot find that Plaintiffs failed to meet the demand requirements of section 33-4-6 as a matter of law.

## III.  Conclusion

The court finds that Plaintiffs have complied with the demand requirements of O.C.G.A. § 33-4-6, and Defendants are not entitled to judgment as a matter of law. As such, Defendants' Motion for Judgment on the Pleadings as to Count I of Plaintiffs' complaint is DENIED [32].

6

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 27th day of October 2008.

                                                          s/ J. Owen Forrester
                                                   J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)