**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Southern Realty Management, Inc. and Dunwoody Forest Associates, LLC, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:08-cv-00572-JOF : |
| Aspen Specialty Insurance Company, et al., | : : : |
| Defendants. | |

**OPINION & ORDER**

This matter is before the court on Plaintiffs' motion for reconsideration [99] and United Policyholders' motion for leave to file an *amicus curiae* brief on behalf of Plaintiffs [114].

**I.  Background**

   **A.  Factual and Procedural History**

The procedural history and facts of this case were addressed previously in the very order Plaintiffs are requesting be amended or altered. This order assumes familiarity with those facts and that history and will only summarize them briefly. The instant matter involves a dispute arising out of a fire at an apartment complex operated by Plaintiff Southern, owned by Plaintiff Dunwoody, and insured by Defendants under two separate

insurance policies. The fire occurred in September of 2006. Prior to the fire, in July of 2006, Plaintiffs entered into a sales agreement with a third party to sell the insured property. The sales agreement was executed on October 31, 2006, after the fire. In early 2007, Plaintiffs submitted Proof of Loss statements to Defendants. Those statements contained the following question: "Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except: . . . ." D.E. [70-15], Ex. L, at 1. Plaintiffs responded "no exceptions." *Id*. Plaintiffs did not indicate on the Proof of Loss statements that they sold the Copper Mill apartment complex in October of the previous year. In response to the Proof of Loss statements and after finding out about the sale, both Defendants requested more information from Plaintiffs regarding the sale of Copper Mill. Defendants both made more than one request for the related sales documents. Plaintiffs refused to furnish the documents, contending that they were irrelevant and confidential.

Plaintiffs brought suit against Defendants alleging bad faith refusal to pay losses and breach of contract. Only after Plaintiffs instituted this suit did they turn over the sales documents. Defendant Homeland filed its motion for summary judgment on November 20, 2008. Plaintiffs filed their motion for partial summary judgment five days later, and Defendant Aspen filed its motion for summary judgment on December 1, 2008. Although

2

the parties moved for relief on multiple grounds, this court granted summary judgment in favor of Defendants. The court held that:

> [T]he information about the 2006 sale . . . was material. Defendants had a right to inspect Plaintiffs' books and records under the relevant policy. Plaintiffs refused to provide material information that Defendants had a right to demand. As such, Plaintiffs breached the terms of the Aspen and Homeland policies and are barred from recovering on their claim.

D.E. [97], at 12.

### B. Contentions

Plaintiffs request that this court reconsider its previous order for several reasons. First, Plaintiffs argue that this court ignored material undisputed facts that are inconsistent with the court's judgment. Second, Plaintiffs argue that this court incorrectly determined that the sales documents requested by Defendants were "books and records." Additionally, Plaintiffs contend that the sales documents were not material to Plaintiffs' claims, and this court erred in finding that the documents were material. Plaintiffs also claim that this court's previous order is contrary to established law. In their reply brief, Plaintiffs assert that this court erred because Defendants were not prejudiced "because of any statement in the Proofs of Loss or any delay in obtaining the Sale Documents," and the court's judgment must be altered or amended to prevent a manifest injustice to Plaintiffs.

Defendant Homeland contends that Plaintiffs' motion should be denied because they are simply rehashing old arguments. Defendant Homeland argues that this court correctly

3

determined that Plaintiffs' failure to deliver the sales documents to Defendants was a breach of the insurance policies, and that summary judgment was appropriate because Plaintiff Southern Realty "violated the insurance policies when they concealed the details of the sale of the insured property on their Proofs of Loss." D.E. [102], at 14. In turn, Defendant Aspen argues that the court's ruling is based on undisputed material facts, the court correctly determined that the sales documents at issue are "books and records," and the sales documents were material. Defendant Aspen also adopts and incorporates Defendant Homeland's arguments regarding Plaintiffs' concealment on the Proofs of Loss forms, and further argues that this court's judgment follows prevailing law.

**II.     Discussion**

**A.     Motion for Reconsideration [99]**

Under Rule 59(e), the decision of whether to alter or amend a judgment is committed to the sound discretion of the district court. *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996). The local rules of the court provide that motions for reconsideration shall not be filed as a matter of routine practice. Local Rule N.D. Ga. 7.2(E). A motion for reconsideration is "reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice."[1] *Preserved Endangered Areas of Cobb's*

---

[1] Plaintiffs do not offer new evidence or suggest an intervening change in controlling law. Furthermore, the Eleventh Circuit "has equated the manifest injustice inquiry with

4

*History, Inc. (P.E.A.C.H.) v. United States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (O'Kelley, J.) (A "motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."), aff'd , 87 F.3d 1242 (11th Cir. 1996). Similarly, the "purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998). Finally, Plaintiffs "must demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (Evans, J.).

Plaintiffs first argue that this court ignored material undisputed facts, contending that the court's previous order "implies that Plaintiffs failed to disclose the Copper Mill sale to insurers." Plaintiffs further argue that "[c]ontrary to Defendants' contentions, the Proofs of Loss correctly state that Plaintiffs owned Copper Mill on the date of the loss. . . . [and] the undisputed evidence establishes that Plaintiffs did not assign the Policies or transfer their insurable interest." D.E. [99], at 6. The court based its holding on Plaintiffs' failure to provide Defendants with the sales documents concerning the sale of Copper Mill, not the Proof of Loss statements filled out by Plaintiffs. While the court mentioned the Proof of

---

review under the plain error doctrine." *United States v. Newsome*, 998 F.2d 1571, 1579 (11th Cir. 1993).

Loss statements and the law concerning fraud, the court did not find that Plaintiffs engaged in fraud or intentionally concealed the transfer of Copper Mill. Instead, the court's final decision was that Plaintiffs' withholding of the sales documents constituted a breach of the insurance policies because the sales documents were material and Defendants had a right to request them.

Plaintiffs' next contention is that this court improperly decided that the sales documents fell within the phrase "books and records." According to Plaintiffs, neither of the insurance policies specifically required the sales documents because the phrase "books and records" "should be limited to financial records and books of account – things that can be both examined and audited." D.E. [99], at 7. As the sales documents are not financial records or books of account, Plaintiffs contend the documents were not "books" or "records" within the meaning of the policies. However, Plaintiffs admit that the policy does not define books and records, and Plaintiffs offer no real support, legal or otherwise, for the argument that the phrase "books and records" only encompasses financial records and books of account that can be audited. As "[m]ere disagreement with the Court's conclusions is not enough," Plaintiffs' arguments do not show clear error on the part of this court. *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) (citing *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

AO 72A
(Rev.8/82)

Plaintiffs' next claim is that the court erred in finding that the sales documents were material. According to Plaintiffs, "the Court [did] not make even a single finding that any thing or item in the Sale Documents was material to Plaintiffs' claims." D.E. [99], at 10. Plaintiffs also repeat many of the arguments regarding materiality that they made in their motion for summary judgment, and those arguments are not properly considered upon a motion for reconsideration. *See P.E.A.C.H.*, 916 F. Supp. at 1560. However, this court found that the sales documents were material because they were relevant to (1) the issue of whether and to what extent Plaintiffs had an insurable interest at the time of and after the loss, and (2) the determination of the actual cash value of the property. Plaintiffs estimated that the loss of the building itself was over $2,000,000, and they requested lost business income for a time period that included time occurring after Plaintiffs sold the property to the third-party. Defendants specifically requested the sales documents, the documents were in Plaintiffs' control, and Plaintiffs failed to turn them over until after litigation ensued. Whether Plaintiffs had an insurable interest in the property is a core issue. *Woods v. Indep. Fire Ins. Co.*, 749 F.2d 1493, 1496 (11th Cir. 1985) (whether an insurable interest exists is "a keystone of the concept of insurance" and "not a mere nicety or a matter of administrative convenience."). The sales documents were material to the validity of Plaintiffs' claim against the policies and to the proper calculation of that claim.

AO 72A
(Rev.8/82)

Another contention by Plaintiffs is that this court's previous order was contrary to the law, and Plaintiffs cite two cases that they contend the court improperly failed to cite or distinguish: *Hines v. State Farm & Cas. Ins. Co*, 815 F.2d 648 (11th Cir. 1987) and *Diamonds & Denim, Inc. v. First Georgia Ins. Co.*, 203 Ga. App. 681 (1992). While the court is under no obligation to cite and distinguish every case applying Georgia law that is related to the issue at hand, *Hines* and *Diamonds & Denim* are easily distinguished. In *Hines*, the insureds failed to bring tax returns to their depositions, despite a request for production by the insurer. 815 F.2d at 652. The insureds explained that their copies of the documents were destroyed in a fire. *Id*. However, the insureds did submit to an oral examination under oath, and the insurer was not diligent in attempting to get the insureds to find substitute copies of the tax returns. *Id*. The insurer never provided the insureds with the appropriate forms necessary to obtain the documents, and the insurer never stated under what portion of the policy it was allowed to request said documents. *Id*. at 651-52. The Eleventh Circuit first stated that Georgia law requires "an insured to provide **any** 'material information' to the insurer that the insurer is entitled to receive under the insurance policy" and failure to do so is a breach of contract, unless the failure is excusable under some contract principle. *Id*. at 651 (citing *Halcome*, 254 Ga. at 744) (emphasis added). The Eleventh Circuit then found that the requested tax returns were not material "per se" and that there was a genuine dispute over whether the insurers' lack of diligence, in addition to the

8

fact that the insureds' copies of the documents were destroyed, excused the failure to turn over the documents. *Id*. at 652-53.

This court fails to see and Plaintiffs fail to explain what bearing *Hines* has on the present matter. In *Hines*, there was a jury issue because the insureds attempted to provide the information that would have been found in the destroyed tax returns, and the insurer's lack of diligence in obtaining substitute copies could have excused any breach of the insurance contract by the insureds. In the present case, Plaintiffs did not fail to offer the documents because they were destroyed or unavailable somehow. They did so because, in their opinion, the documents were irrelevant and confidential. The court has found that assertion to be without merit. Also unlike *Hines*, Defendants here requested the specific documents at issue, directed Plaintiffs' attention to the portion of the policy allowing Defendants to make such a request, and the documents were material to both the determination of actual cash value and to the existence of an insurable interest.

In *Diamonds & Denim*, the warehouse in which the insured stored its inventory and records was destroyed in a fire. 203 Ga. App. at 682. After the insured made a formal demand for claim payment, the insurer requested generally to see the insureds' books and records, neglecting to list any specific documents it wished to see. *Id*. The insureds failed to produce the requested documents because they had been destroyed, *id*. at 683, but the insureds offered to help the insurer get the information from the destroyed documents

through other sources. *Id.* at 682. The insurer never followed up on that offer. *Id.* The insurer later tried to assert that the insureds failed to comply with conditions precedent in the insurance policy, which required the insured to allow the insurer to inspect its books and records. *Id.* The *Diamonds & Denim* court held that there was a question of fact remaining because the insured offered a valid excuse for refusing to produce the requested documents (destruction by fire), some of the information requested did not belong to the insureds, and the insurer only made a general request for any "books and records" that would allow the insurer to verify the claims. *Id.* Here, in contrast, Defendants specifically requested the sales documents several times, and those documents were in Plaintiffs' control and had not been destroyed.[2]

In their reply brief, Plaintiffs add a new argument: this court made a clear error in its previous judgment because Defendants cannot show prejudice resulting from Plaintiffs' alleged misstatement on the Proofs of Loss forms. Plaintiffs' argument fails for several reasons. First, this argument is not properly addressed in a motion for reconsideration. Plaintiffs did not argue a lack of prejudice in their summary judgment motion, in their

---

[2] Plaintiffs quote the portion of *Diamonds & Denim* stating that where "an insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury." D.E. [99], at 13 (quoting *Diamonds & Denim*, 203 Ga. at 683). However, Georgia courts have awarded summary judgment to defendants even where the plaintiff did cooperate with the defendant's investigation by providing some relevant documentation. *See, e.g., Allstate Ins. Co. v. Hamler*, 247 Ga. App. 574, 576 (2001) (holding that the insured "breached the contract of insurance by failing to provide [relevant] documents, even though [the insured] did provide certain other information . . . .").

10

responses to Defendants' summary judgment motions, or in their motion for reconsideration. Plaintiffs first address this argument in their reply brief to Defendants' briefs opposing reconsideration. A motion for reconsideration is not an appropriate vehicle for raising "an argument that was previously available, but not pressed." *See Stone*, 135 F.3d at 1442. Plaintiffs also rely on several cases from outside this district, circuit, and state – none of which are binding or controlling and, therefore, none of which show clear error on the part of this court.

Furthermore, Plaintiffs' citation of *Nat'l Union Fire Ins. Co. v. Carmical*, 99 Ga. App. 98 (1959) is also misguided. The *Carmical* court required that the **misrepresentation** by the insured prejudiced the rights of the insurer before the insurer could be released from its duty to defend. 99 Ga. App. at 103. Here, although Defendants argued that Plaintiffs also breached the contract through misrepresentation and concealment, the court did not base its grant of Defendants' summary judgment motions on any misrepresentation by Plaintiffs. Instead, the court held that Plaintiffs' failure to provide material documents to Defendants was a breach of the insurance contracts between the parties. The holding in *Carmical* is inapplicable. Because Plaintiffs have failed to show clear error, Plaintiffs' motion for reconsideration is DENIED [99].

**B.    Motion for Leave to File *Amicus Curiae* Brief on Behalf of Plaintiffs [114]**

11

United Policyholders filed a motion for leave to file an *amicus curiae* brief in support of Plaintiffs' motion for reconsideration [114].

> While Federal Rule of Appellate Procedure 29 and Supreme Court Rule 37 provide for the filing of *amicus curiae* briefs, the Federal Rules of Civil Procedure lack a parallel provision regulating *amicus* appearances at the trial level. The district court, however, has the inherent authority to appoint *amici curiae,* or "friends of the court," to assist it in a proceeding. Inasmuch as an *amicus* is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus.*

*Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991) (internal citations and quotations omitted) (emphasis in the original). United Policyholders' proposed *amicus curiae* brief contains arguments that were not made by Plaintiffs in either their motion for summary judgment or their motion for reconsideration. Because Plaintiffs are not allowed to raise new arguments in a motion for reconsideration, *Stone*, 135 F.3d at 1442, United Policyholders should not be allowed to do so either. Its motion for leave to file an *amicus curiae* brief on behalf of Plaintiffs is DENIED [114].

AO 72A
(Rev.8/82)

**III. Conclusion**

Plaintiffs' motion for reconsideration is DENIED [99]. United Policyholders' motion to file an *amicus curiae* brief is also DENIED [114].

**IT IS SO ORDERED** this 12th day of March 2010.

                                             /s   J. Owen Forrester
                                              J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)